UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMIE ROSASCHI, | Case No. 3:16-cv-00442-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| HAROLD WICKHAM, et al., | |
| Respondents. | |

Petitioner Jamie Rosaschi has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has now paid the filing fee (ECF No. 5). The Court has reviewed the petition pursuant to Habeas Rule 4, and it will be docketed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also submitted a motion for appointment of counsel (ECF No. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987);

*Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Rosaschi's petition is clear in presenting the issues that he wishes to raise, and the legal issues are not particularly complex. Therefore, counsel is not justified at this time. Rosaschi's motion is denied.

It is therefore ordered that the Clerk file and electronically serve the petition (ECF No. 1-1) on the respondents.

It is further ordered that the Clerk add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

It is further ordered that respondents must file a response to the petition, including potentially by motion to dismiss, within ninety (90) days of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*,

2

406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that petitioner will have forty-five (45) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further mustl be identified by the number of the exhibit in the attachment.

It is further ordered that the parties must send courtesy copies of all exhibits in this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties must provide courtesy copies of any additional exhibits submitted to the Court in this case, in the manner described above.

It is further ordered that the Clerk file petitioner's motion for appointment of counsel (ECF No. 1-2).

it is further ordered that petitioner's motion for appointment of counsel (ECF No. 1-2) is denied.

It is further ordered that petitioner's motion for judicial action on petition (ECF No. 3) is denied as moot.

DATED THIS 9th day of December 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3